IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

RUSSELL KEITH BERRY,           )    CARTER CHANCERY
                               )    C.A. NO. 03A01-9707-CH-00410
                               )
        Plaintiff-Appellant    )
                               )
                               )
                               )
                               )
                               )
vs.                            )    HON. LEWIS W. MAY, JR.
                               )    CHANCELLOR BY INTERCHANGE
                               )
                               )
                               )
                               )
                               )
BRIAN LEE BERRY and PAULA      )    REVERSED AND REMANDED
FAYE BERRY,                    )
                               )
        Defendants-Appellants  )


RUSSELL KEITH BERRY, pro se Appellant.


HOWELL H. SHERROD, JR., Sherrod, Stanley, Lincoln & Goldstein,
Johnson City, for Appellees.

O P I N I O N

McMurray, J.

Plaintiff, Russell Keith Berry, brought this action on behalf of himself and his grandmother. He alleged that his grandmother, Lorena Beryl Berry, is mentally incompetent and physically ill and that the defendants, his brother and sister-in-law, gained unfair advantage of her incompetency by fraudulently taking control of all her worldly possessions. The plaintiff also alleged the defendants converted his personal property while he was incarcerated. Defendants moved for summary judgment. The motion was granted and the complaint dismissed. This appeal resulted. We find there are genuine issues of material fact and reverse the trial court's judgment.

The standards governing a review of a trial court's grant of summary judgment are well-settled:

> Tenn.R.Civ.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. <u>Anderson v. Standard Register Co.</u>, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn.1991).

2

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Id.

Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

Accepting all of plaintiff's allegations as true and taking all reasonable inferences in his favor, the record reveals the following facts. The parties' grandmother was 84 years old at the time of the complaint. In February of 1995, she suffered a stroke which required her to be hospitalized for several weeks. Affidavits of the plaintiff, his wife, the grandmother's sister and the grandmother's niece state that the grandmother was in a confused and weakened mental state due to her medical condition. Her sister testified in her affidavit that "the stroke left her mentally incapacitated and unable to manage her own business affairs or make important decisions."

While she was in the hospital, the defendants approached the grandmother and offered to let her live with them if she would agree to give them all her worldly possessions. The grandmother agreed and the defendants arranged to take control of and transfer her possessions to themselves without the rest of the family's knowledge.

3

The plaintiff is presently incarcerated in the Tennessee penal system and has been since 1979. He alleges that he left certain items of his personal property with his grandmother for safekeeping. The affidavits of his wife and the grandmother's niece support this allegation. When the defendants took control of all the property in the grandmother's apartment, plaintiff alleges they also converted his personal property. Defendants have made no answer to this allegation other than to deny knowledge of the existence or whereabouts of plaintiff's personal property.

The grandmother stayed with the defendants for approximately fifteen months. During that time, defendants took control of her only source of income—a $700 monthly disability payment. The grandmother also had a certificate of deposit with a face value of $20,000. The CD was "payable to Lorena Beryl Barry or Russell Berry [plaintiff] or Randy Berry or Brian Berry [defendant] W/R/S." After her hospital stay, the grandmother signed over the CD to the defendant, signing a statement which said, "I Beryl Barry want my CD to be in the name of Brian L. Berry only." She also added the defendants' names to her personal checking account.

In July of 1996, the grandmother was placed in a nursing home after suffering another stroke. Plaintiff filed his complaint on April 23, 1997, alleging that the defendants fraudulently converted his grandmother's property through undue influence and the abuse of

4

a confidential relationship. He also alleged that they had converted his personal property which he valued at $21,200.

Defendants moved for summary judgment on June 11, 1996. In support of their motion, they filed, among other things, the grandmother's affidavit. In it, she stated that she asked the defendants if she could move in with them and that she voluntarily signed over the CD in order to defray the extra living expenses. She stated that "at no time did [defendants] coerce me into signing over these funds. I was of sound mind and totally aware of my actions. These funds were used for my care and support." Defendants also filed her doctor's affidavit, in which it was stated that "she was competent to make decisions regarding her care and support in February of 1995. She understands the Affidavit attached hereto and is mentally competent to sign it."

Apparently because of plaintiff's incarceration and the fact that he is proceeding without a lawyer, the trial court granted summary judgment ex parte.

It is apparent that genuine issues of material fact exist regarding the grandmother's mental capacity, the propriety of signing over the CD which was listed as payable to the plaintiff with rights of survivorship, whether the defendants abused a confidential relationship with the grandmother, and whether they

5

converted the plaintiff's property. While it is arguable that the affidavits of the grandmother and her doctor should carry substantial weight on the question of her mental capacity, neither this court nor the trial court is allowed to weigh the evidence on summary judgment. Plaintiff has presented clear and competent evidence to the contrary, sufficient to raise a question for the trier of fact.

Defendants argue on appeal that plaintiff is guilty of laches in failing to prosecute his conversion claim at an earlier time. The record reveals that the defendants did not file an answer, and this argument was not presented to the trial court in their summary judgment motion. Rule 8.03, T.R.Civ.P. requires that all affirmative defenses be set forth in a defendant's response. Our jurisdiction is appellate only, T.C.A. §16-4-108(a)(1). We do not find in the record any showing that the defendant's laches argument was raised in the trial court. As a general rule, a party is not entitled to relief on an issue that is raised for the first time on appeal. Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983). We find no merit in this issue.

Although they do not raise it as an issue, the defendants state in the conclusion to their brief that the plaintiff's appeal is frivolous and ask for attorney's fees both at the trial level

6

and appellate level.  We do not find this to be a frivolous appeal.

The judgment of the trial court granting summary judgment in favor of the defendants is reversed and the case remanded for trial for such other and further action as may be necessary and consistent with this opinion.  Costs on appeal are assessed to the appellees.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


RUSSELL KEITH BERRY,            )       CARTER CHANCERY
                                )       C.A. NO. 03A01-9707-CH-00410
                                )
        Plaintiff-Appellant )
                                )
                                )
                                )
vs.                             )       HON. LEWIS W. MAY, JR.
                                )       CHANCELLOR BY INTERCHANGE
                                )
                                )
                                )
BRIAN LEE BERRY and PAULA       )       REVERSED AND REMANDED
FAYE BERRY,                     )
                                )
        Defendants-Appellants )


**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Chancery Court of Carter County, briefs submitted on behalf of the parties. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

The judgment of the trial court granting summary judgment in favor of the defendants is reversed and the case remanded for trial for such other and further action as may be necessary and consistent with this opinion. Costs on appeal are assessed to the appellees.


PER CURIAM